## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

APRIL PLEASANTS                              :
*as an individual*                           :
1640 Sky View Drive                          :
Bruceton Mills, WV 26525                     :
       Plaintiff,                :
                                         :
                                         :
     V.                        :
                                         :
LACKAWANNA COUNTY                            :
*Municipality*                               :
200 N. Adams Avenue                          :
Scranton, PA 18503                           :    3:13-CV-1611
                                         :
COMISSIONER COREY D. O'BRIEN                 :
*Individually, and in his official capacity as a*  :
*Commissioner and Supervisor of Lackawanna*  :    JURY DEMAND
*County*                                     :
200 Adams Avenue                             :
Scranton, PA 18503                           :
                                         :
COMMISSIONER JAMES WANSACZ                   :
*Individually, and in his official capacity as a*  :
*Commissioner and Supervisor of Lackawanna*  :
*County*                                     :
200 Adams Avenue                             :
Scranton, PA 18503                           :
                                         :
COMMISSIONER PATRICK M. O'MALLEY             :
*Individually, and in his official capacity as a*  :
*Commissioner and Supervisor of Lackawanna*  :
*County*                                     :
200 Adams Avenue                             :
Scranton, PA 18503                           :
                                         :
WARDEN ROBERT MCMILLAN                       :
*Individually, and in his official capacity as a*  :
*Corrections officer and supervisor,*        :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :

1

INTERIM WARDEN VINCENT MOONEY                :
*Individually, and in his official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
C/O JOSEPH BLACK                             :
*Individually, and in his official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
C/O NEVEROSKI                                :
*Individually, and in her official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
C/O LIEUTENANT MURRAY                        :
*Individually, and in his official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
C/O CASEY                                    :
*Individually, and in his official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
C/O HEATHER WOLFF                            :
*Individually, and in her official capacity as a*    :
*Corrections officer and supervisor,*               :
Lackawanna County Prison                     :
1371 North Washington Avenue                 :
Scranton, PA 18509                           :
                                             :
                                             :
                                             :
                                             :
                                             :

C/O KATE FANNING                                          :
*Individually, and in her official and supervisory*        :
*Capacity as a corrections officer and supervisor*         :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
C/O CASEY CALPIN                                          :
*Individually, and in her official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
C/O PAULA BONDY                                           :
*Individually, and in her official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
C/O MARY BETH COAR                                        :
*Individually, and in her official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
WARDEN JANINE DONATE                                      :
*Individually, and in his official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
C/O JEAN PELUCACCI                                        :
*Individually, and in his official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :
1371 North Washington Avenue                              :
Scranton, PA 18509                                        :
                                                          :
C/O RHONDA FIEDERER                                       :
*Individually, and in his official capacity as a*          :
*Corrections officer and supervisor,*                      :
Lackawanna County Prison                                  :

1371 North Washington Avenue       :
Scranton, PA 18509             :
                                  :
JOHN/ JANE DOES 1-X         :
*Individually, and in his official capacity as a*  :
*Corrections officer and supervisor,*    :
Lackawanna County Prison        :
1371 North Washington Avenue       :
Scranton, PA 18509             :
              Defendants,      :
                                  :

## AMENDED CIVIL ACTION COMPLAINT

**AND NOW,** comes the Plaintiff, April Pleasants, by and through her Attorney,

Walker Comerford Law, LLC, in this Civil Rights action seeking damages arising out of

violations of her Federal Constitutional Rights and violations of her person under

Pennsylvania Tort Law, and in support thereof, sets forth the following allegations and

claims:

## I. JURISDICTION

1.  This is a civil action seeking damages against the Defendants for acts

constituting the deprivation of the Plaintiff's rights secured under Federal Law and the

United States Constitution pursuant to the 4th, 8th, and 14th Amendments through 42

U.S.C. §§ 1983, 1985, 1986, 1988 and under Pennsylvania State Law.

2. To the extent the Plaintiff was subject to pretrial detention, the separate and/ or

conspired, willful, callous, reckless, grossly negligent, and deliberately indifferent acts

and/ or omissions of the Defendants, under the Color of State Law, and as herein

described, proximately caused and/or facilitated the violation of the Plaintiff's rights to

Due Process, to be housed in a humane facility, to be free of rape and sexual harassment,

bodily integrity, privacy, all protected under the 4th and 14th amendment.

3. To the extent the Plaintiff was subject to post-trial detention/ incarceration, the separate and/ or conspired, willful, callous, reckless, grossly negligent, and deliberately indifferent acts and/ or omissions of the Defendants, under the Color of State Law, and as herein described proximately caused and/or facilitated the violation of the Plaintiff's Constitutional Rights protected under 42 U.S.C. §§ 1983, 1985, 1986 and the Plaintiff's right to be free of Cruel and Unusual Punishment protected under the 8th amendment.

4. Federal Jurisdiction is established under 28 U.S.C. §§ 1331, 1343, and 1367, 42 U.S.C. §§ 1983, 1985, 1986, 1988 and Pendant/Supplemental jurisdiction over State law claims under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391, as all claims herein arose within the jurisdiction of the United States District Court of Middle District of Pennsylvania and the Defendants reside in/or maintain their principle place of business within the same jurisdictional boundaries.

## II. PARTIES

6. Plaintiff incorporates by reference paragraphs 1-5 of this complaint as fully and specifically set forth herein.

7. Plaintiff, April Pleasants, hereinafter referred to as Ms. Pleasants, is an adult individual and currently resides incarcerated at U.S.P. Hazelton at 1640 Sky View Drive, Bruceton Mills, West Virginia, 26525. Her permanently listed address is 623 N. Mineral Springs Road, Durham, North Carolina.

8. Defendant, Lackawanna County, herein after referred to as Lackawanna, is a municipality organized by and through the Commonwealth of Pennsylvania that regulates and implements customs, policies, practices, as well as directs, manages, and controls

Lackawanna County Prison, and its customs, policies, and practices, and employs all individually named Defendants. At all relevant times, the Lackawanna was the acting under the Color of State Law.

9.Individual Defendant, Commissioner Corey D. O'Brien, herein after referred to as O'Brien, is a Commissioner and supervisor employed by Lackawanna and under the command and authority of Lackawanna, regulates and implements customs, policies and practices of Lackawanna and Lackawanna County Prison. At all times relevant hereto O'Brien acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna. Defendant, O'Brien is being sued in his individual, supervisory, and all other official capacities as a Commissioner.

10. Individual Defendant, Commissioner James Wansacz, herein after referred to as Wansacz, is a Commissioner and supervisor employed by Lackawanna and under the command and authority of Lackawanna, regulates and implements customs, policies and practices of Lackawanna and Lackawanna County Prison. At all times relevant hereto O'Brien acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna. Defendant, Wansacz is being sued in his individual, supervisory, and all other official capacities as a Commissioner.

11. Individual Defendant, Commissioner Patrick O'Malley, herein after referred to as O'Malley, is a Commissioner and supervisor employed by Lackawanna and under the command and authority of Lackawanna, regulates and implements customs, policies and practices of Lackawanna and Lackawanna County Prison. At all times relevant hereto O'Brien acted under the Color of State Law pursuant to the custom, policy or

practice od Lackawanna. Defendant, O'Malley is being sued in his individual, supervisory, and all other official capacities as a Commissioner.

12. Individual Defendant, Warden Robert McMillan, herein after referred to as McMillan, is a Corrections Officer and Warden of Lackawanna County Prison employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna, and/ or Lackawanna County. Defendant, McMillan is being sued in his individual, supervisory, and all other official capacities as a Warden and Corrections Officer.

13. Individual Defendant, Interim Warden Vincent Mooney, herein after referred to as Mooney, was/ or is a Corrections Officer and was/ or is the Interim Warden of Lackawanna County Prison employed by Lackawanna, and under the command authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of the Lackawanna County Prison, and/ or Lackawanna County. Defendant, Mooney is being sued in his individual, supervisory, and all other official capacities as a Warden and Corrections Officer.

14. Individual Defendant, Corrections Officer Joseph Black, herein after referred to as Black, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Black is being sued in his individual, supervisory, and all other official capacities as a Corrections Officer.

15. Individual Defendant, Corrections Officer Neveroski, herein after referred to as Neveroski, is a Corrections Officer employed by Lackawanna and Prison, and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Neveroski is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

16. Individual Defendant, Corrections Officer Lieutenant Murray, whose first name is unknown, herein after referred to as Murray, is a Corrections Officer employed by Lackawanna and Prison, and under the command and authority of Lackawanna County, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Murray is being sued in his individual, supervisory, and all other official capacities as a Corrections Officer.

17. Individual Defendant, Corrections Officer Casey, whose first name is unknown, herein after referred to as Casey, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Casey is being sued in his individual, supervisory, and all other official capacities as a Corrections Officer.

18. Individual Defendant, Corrections Heather Wolff, herein after referred to as Wolff, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State

Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Wolff is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

19. Individual Defendant, Corrections Casey Calpin, herein after referred to as Calpin, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Calpin is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

20. Individual Defendant, Corrections Paula Bondy herein after referred to as Bondy, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Bondy is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

21. Individual Defendant, Corrections Mary Beth Coar, herein after referred to as Coar, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Coar is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

22. Individual Defendant, Corrections Officer and Sergeant Kate Fanning, herein after referred to as Fanning, is a Corrections Officer employed by Lackawanna and under

the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Sergeant Fanning is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer and Sergeant.

23. Individual Defendant, Warden Janine Donate, herein after referred to as Donate, is a Corrections Officer and Warden of Lackawanna County Prison employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna, and/ or Lackawanna County. Defendant, Donate is being sued in her individual, supervisory, and all other official capacities as a Warden and Corrections Officer.

24. Individual Defendant, Corrections Jean Pelucacci,  herein after referred to as Pelucacci, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant, Lieutenant Pelucacci is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

25. Individual Defendant, Corrections Rhonda Fiederer, herein after referred to as Fiederer, is a Corrections Officer employed by Lackawanna and under the command and authority of Lackawanna, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or

Lackawanna County. Defendant, Lieutenant Fiederer is being sued in her individual, supervisory, and all other official capacities as a Corrections Officer.

26. Individual Defendant(s), John/ Jane Does 1-X are Corrections Officers/ or other wise individuals employed by Lackawanna and/ or Prison, and under the command and authority of Lackawanna County, and at all times relevant hereto, acted under the Color of State Law pursuant to the custom, policy or practice of Lackawanna County Prison, and/ or Lackawanna County. Defendant(s), John/ Jane Does 1-X is being sued in his individual, supervisory, and all other official capacities as Corrections Officers, and/ or as an individual as it relates to agency under the Defendant Lackawanna County and/ or Lackawanna Count Prison. Individual, John/ Jane are unknown, but will be named through a proper amendment to the complaint upon discovery.

### III. FACTS

### A. Specific Conduct

27. Plaintiff incorporates by reference paragraphs 1-27 of this complaint as fully and specifically set forth herein.

28. Ms. Pleasants was housed in Lackawanna County Prison for approximately two years from August 26, 2009 till October 12, 2011.

29. On or around October 12, 2011, Ms. Pleasants was transferred to SFF Hazelton to serves a sentence in Federal Prison.

30. During the last three months in Lackawanna County Prison, from approximately July 2011 till October 2011, Ms. Pleasants was continuously, *inter alia*, intimidated, threatened, assaulted, sexually harassed, sexually assaulted, and raped by Defendant Black as described herein.

11

31. At all relevant times, Defendant Black was acting under the Color of State Law, in uniform, and exercising his authority and duties granted him by the Defendant Lackawanna.

32. During the first week of July 2011, Defendant Black engaged in unmonitored one-on-one confrontations with Ms. Pleasants where he sexually harassed and directed comments to Ms. Pleasants about how nice her rear-end was; stating frequently in a lustful, intimidating, threatening, harassing, and hostile manner that "you have a nice ass".

33. During the second week of July 2011, Defendant Black engaged in an unmonitored, one-on-one confrontation with Ms. Pleasants, suggesting to her, under a show of authority, while in uniform, that Ms. Pleasants lift her shirt up "for him" during lock up.  During the incident, Black gestured to Ms. Pleasants in the form of motions with both of his hand, pretending to take of his own shirt.  Ms. Pleasants was forced to comply with this demand.

34. During the beginning of August 2011, Ms. Pleasants was assigned as a block-worker in charge of cleaning the medical block. It was during this period, that further unmonitored, one-on-one confrontations were exploited by Black to rape, sexually assault and violate M. Pleasants' body as specifically averred herein.

35. Other corrections officers and Black routinely, arbitrarily, and indifferently assigned female inmates to various jobs and assignments at their discretion in accordance with custom, policy, and practice without approval, screening, training, auditing, and/ or monitoring.

36. While Ms. Pleasants was cleaning inside an unmonitored closet as part of her duty and assignment as a block-worker, Defendant Black confronted her one-on-one and grabbed Ms. Pleasants from behind, cornering her so that she could not escape and forcibly attempted to remove Ms. Pleasants shirt.

37. Ms. Pleasants attempted to resist and escape but was unable to prevent Defendant Black from raping and sexually assaulting her because she was in an unmonitored, one-on-one confrontation where no other officials were present to hear her cries for help and/ or observe the incident.

38. Black forcibly attempted to remove Ms. Pleasants clothing, while touching, groping, and feeling her body, genitals and private parts, both outside and inside her clothing. Specifically, Black exposed his penis, groped Ms. Pleasants breasts, and rubbed his pelvis and penis against her buttocks, as well as, attempting to and digitally penetrating her vagina.

39. Defendant Black specifically threatened Ms. Pleasants with segregation, retaliation, and other unlawful punitive actions if she told anyone about the incident(s) or complained.

40. Ms. Pleasants was additionally afraid and threatened by well-known and prevalent custom, policy, and practice that places female inmates in segregation as retaliation and punishment, as well as physical assaults and/ or intimidation by other inmates promoted and unmonitored by Corrections Officers.

41. Segregation, retaliation, punishment, punitive actions and job assignments to inmates are handed out by Corrections Officers and Black in accordance with custom,

policy, practice, and without adequate screening, approval, training, formal hearing, auditing, and/ or monitoring.

42. Ms. Pleasants later had an unmonitored, one-on-one confrontation with Defendant Neveroski, where she asked her "what would happen" in the event she reported or complained about Defendant Black having raped her previously.

43. Defendant Neveroski did not report or investigate the allegations, and/ or record the unmonitored, one-on-one encounter that he/ or she had with Ms. Pleasants.

44. At all relevant times, Defendant Neveroski was acting under the Color of State Law, in uniform, and exercising her authority and duties granted him/ or her by the Defendant Lackawanna.

45. After the aforementioned incident(s), Defendant Black would repeatedly harass, intimidate, and threaten Ms. Pleasants during unmonitored, one-on-one confrontations, stating *inter alia*, "the closet needs cleaning again," and did so in an effort to compel and/ or force Ms. Pleasants into the closet out of view of any surveillance devices and/ or witnesses, as well as to prevent Ms. Pleasants from escaping another sexual assault.

46. In September 2011, during a period of "lock-down," at approximately 2:30 P.M., Ms. Pleasants was in L-block. It was during this period that Defendant Black raped, sexually assaulted, and violated Ms. Pleasants' body a second time as specifically averred hereafter.

47. During the "lock-down" on L-block, Defendant Black instructed/ ordered, under the Color of State Law, Ms. Pleasants, that "Cell-14 needed cleaning".

48. Rather than escort Ms. Pleasants to Cell-14, Defendant Black escorted Ms. Pleasants by himself, to an unmonitored and empty room in "Medical".

49. Defendant Black, once again, entered the room behind Ms. Pleasants and closed the door so that she could not escape and/ or cry for help so that he could engage in an unmonitored, one-on-one confrontation with Ms. Pleasants.

50. While in this unmonitored room, Ms. Pleasants turned around to observe that Defendant Black had exposed his erect penis.

51. Defendant Black then forcibly pulled down Ms. Pleasants' sweat pants

52. Once again, Ms. Pleasants tried to resist and escape, but could not do so because she was in an unmonitored, one-on-one confrontation and there was no one around to cry for help. There was no investigation as to the first rape and sexual assault after previously attempting to alert and seek help from Defendant Neveroski.

53. While Ms. Pleasants tried to pull her sweat pants back up, Defendants Black attempted to force his erect penis inside Ms. Pleasants' vagina.

54. Ms. Pleasants felt Defendant Black forcing his penis in and out of the opening of her vagina.

55. Defendant Black continued to thrust and force his penis into Ms. Pleasants vagina.

56. Ms. Pleasants felt Defendant Black begin to ejaculate and pull back from her. Ms. Pleasants turned around to observe Defendant Black ejaculating onto the prison floor.

57. After ejaculating, Defendant Black ordered Ms. Pleasants to "hurry up" before C/O Casey thinks something".

58. Defendant Casey is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

59. Defendant Coar, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates. She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff. She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

60. Defendant Coar is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

61. Defendant Peluccaci, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates. She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff. She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

62. Defendant Pelucacci is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

63. Defendant Pelucacci was told by inmate Jennifer Pasco, prior to Plaintiff being assaulted, that she was having sexual relations with Black, and Pelucacci failed to take action.

64. Defendant Fiederer, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates.  She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff.  She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

65. Defendant Fiederer is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

66. Defendant Fiederer was told by inmate Jennifer Pasco, prior to Plaintiff being assaulted, that she was having sexual relations with Black, and Fiederer failed to take action.

67. Defendant Wolff, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates.  She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

68. Defendant Wolff is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

69. Defendant Bondy, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates.  She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff.  She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

70. Defendant Bondy is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

71. Defendant Calpin, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates.  She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff.  She failed to investigate, report, or intervene in these assaults, allowing the assaults to continue.

72. Defendant Calpin is a Corrections Officer, who suspected, knew, or should have known of Defendant Black's misconduct and had supervisory authority over Defendant Black, and/ or a duty to report and/ or investigate.

73. Defendant Fanning, while Plaintiff was incarcerated in Lackawanna County Prison and being continually subjected to Defendant Black's sexual assaults, was told by other correctional officers and inmates at Lackawanna County Prison was sexually assaulting female inmates.  She was specifically informed of his sexual assaults on Plaintiff and/or others prior to his final rape of Plaintiff.  She failed to investigate, report,

or intervene in these assaults, allowing the assaults to continue.  She was working as a

Sergeant in a supervisory capacity over Black

74. Defendant Fanning is a Corrections Officer, who suspected, knew, or should

have known of Defendant Black's misconduct and had supervisory authority over

Defendant Black, and/ or a duty to report and/ or investigate.

75. In 2011, prior to Black's sexual assaults upon Plaintiff, Fanning was informed

of sexual assaults by Black on another female inmate, Jennifer Pasco.  She specifically

questioned Pasco about the incident and failed to take action as a result thereof, allowing

Black to continue abusing inmates, in particular, Plaintiff.

76. Defendant Black instructed Ms. Pleasants to retrieve and bring two boxes of

feminine pads in order to perpetuate the appearance of a legitimate reason for escorting

and engaging Ms. Pleasants in a one-on-one confrontation during lock-down in the

medical area and a unmonitored room.

77. Defendant Black escorted Ms. Pleasants to her cell, where Ms. Pleasants was

forced to wash Black's semen from her vagina out of humiliation, fear of pregnancy, and/

or venereal disease.

78. After this second rape and sexual assault, up to October 12, 2011, Defendant

Black continued to sexually harass, intimidate, and threaten Ms. Pleasants during

unmonitored one-on-one confrontations with obscene threats, comments, and gestures.

79. On the morning Ms. Pleasants was transferred out of Lackawanna County

Prison, on or around October 21, 2011, Defendant Black stated to Ms. Pleasants in the

last unmonitored, one-on-one confrontation, "too bad we won't be able to clean the closet

together again".

80. While at the transfer center in Oklahoma and no longer subjected to a custom, policy, and practice of threats, intimidation and unmonitored, one-on-one confrontations, physical assaults, sexual assaults, and rape, Ms. Pleasants told another female inmate, whose identity is subject to discovery and was also at Lackawanna County, what happened to her. Ms. Pleasants was crying and severely traumatized because she was raped and was fearful she was pregnant because she had missed her period.

81. Pursuant conversations with other female inmates, whose identities are subject to discovery and were present at Lackawanna County, Ms. Pleasant learned that at least two other women had been sexually harassed, assaulted and raped by Defendant Black and other Corrections Officers used similar unmonitored, one-on-one confrontations and circumstances.

82. One particular inmate, whose identity is subject to discovery, indicated to Ms. Pleasants that Defendant Black, forced her into intercourse during one-on-one confrontations in various unmonitored locations prior to the instillation of surveillance cameras.

83. Another inmate, whose identity is subject to discovery, indicated that Defendant Black bribed her during unmonitored, one-on-one confrontations with tobacco and other contraband in exchange for oral sex while she was in "the hole," and that he never delivered the tobacco.

84. Once Ms. Pleasants was transferred to U.S.P. Hazelton, safe from retaliation, further abuse, inhumane/ unsafe conditions, and unmonitored one-on-one confrontations, she reported the incident(s) that occurred at Lackawanna County Prison promptly to Federal Authorities and the U.S. Department of Justice.

**B. Policy Conduct**

85. Plaintiff incorporates by reference paragraphs 1-84 of this complaint as fully and specifically set forth herein.

86. Lackawanna County Prison is and was not compliant, and treat with deliberate indifference, State and Federal Law Prison Law, regulations and recommendations, not limited to the Federal Rape Prevention Act, regarding, *inter alia,* the minimum standards, practices, and polices for conditions and housing of pre-trial detainees and inmates.

87. Lackawanna has or previously had a custom, policy, and practice of unmonitored, one-on-one confrontations, retaliation by Corrections Officers and permitting retaliation and rape by inmates, and arbitrary, unmonitored and unsupervised job and duty assignments.

88. Unmonitored, one-on-one confrontations between male Corrections Officers and female inmates, and deliberate indifference to the same, creates a moral certainty of sexually tempting circumstances, and the frequent risk of harm to female inmates and pre-trial detainees.

89. These incidents and the inappropriate, extraordinary and reprehensible conduct of Corrections Officers have been routinely ignored, treated with deliberate indifference and/ or callous disregard by Defendant Lackawanna, its Officers, supervisory agents, and other employees charged with oversight, custom, policy, and/ or practice.

90. Lackawanna County Prison has a long history of incidents not limited to complaints and conduct regarding corruption, sexual assaults, physical assaults, inhumane prison conditions, and violations of the Constitutional Rights of inmates;

conduct, incidents, and conditions not limited to specific and foreseeable incidents described in this complaint.

91. In 2007, the then Warden of Lackawanna County Prison was charged with using inmates for free labor and Several Corrections Officers were criminally charged with abusing inmates.

92. In 2007, a pregnant inmate was left alone, unattended, ignored and deprived of any medical treatment and endured child-birth alone in an inhumane, unsanitary, and disease-ridden cell. Despite repeated cries for help, Corrections Officers and other agents simply ignored her and her newborn as well as treated them with deliberate indifference and callous disregard.

93. As far back as 2008, Lackawanna County Prison had reports and incidents associated with rape and sexual assault.

94. Between 2008 and 2009, Nicholas Pinto, also know as "Pinto," and several other inmates were continuously raped by another inmate, K. Galliago, herein after referred to as "Galliago".

95. Despite Galliago being known as a violent offender and rapist, Lackawanna County then Prison Warden, Janine Donate, and Corrections Officers under her authority, permitted and/ or intentionally placed Galliago as a form of punishment and retaliation in an unmonitored area and cell with Pinto and other inmates, who were savagely assaulted and raped as a consequence.

96. Despite Pinto's pleas for help, Prison Officials and Corrections Officers did absolutely other and treated Pinto with deliberate indifference and callous disregard.

97. Then Chaplain William Pickard wrote a letter to the Lackawanna County Commissioners regarding the incident where Pinto was brutally raped and assaulted. Despite notice of this outrageous and reprehensible conduct and life threatening situation, Lackawanna County Commissioners and supervisors did absolutely nothing. Rather than monitor, investigate and/ or audit, the Lackawanna County Commissioners and supervisors ignored the incident with deliberate indifference and callous disregard. Furthermore, rather than intervening and/ or investigating the above mentioned incident, Pickard was formally prohibited under the Color of State Law from further admission for counseling services at Lackawanna County Prison for inmates in the future.

98. As a consequence of Lackawanna's deliberate indifference and callous disregard, Pinto was later stomped to death by another inmate in an unmonitored area.

99. Despite a $975,00.00 settlement in the Pinto matter, Lackawanna continued to treat this specific pattern of conduct and systemic, inhumane conditions with deliberate indifference and callous disregard.

100. As a direct and proximate consequence of Constitutional violations and abuse by Corrections Officers as well as rape, sexual assaults, and fear of retaliation continued in Lackawanna County Prison as a systemic and unmonitored custom, policy, and practice, Ms. Pleasants was raped, sexually harassed, assaulted, and subjected to retaliation by Defendant Black.

101. When questioned by Federal Authorities regarding the incident(s) involving Pinto and other victims, then Lackawanna County Prison Warden Donate conceded deliberate indifference and callous disregard as indicated by her statement that "there was no conclusive evidence Mr. Pinto was raped".

102.  Donate was aware of the prior tortious conduct and the danger to Plaintiff and failed to take any action to protect Plaintiff and those similarly situated to her from further tortious conduct.

103. In response to the Pinto case, a review and analysis by the Lackawanna County Prison Board indicated that more than thirty violations of State Laws governing prisons, including but not limited to, the proper training on policy.

104. Rather than discipline, investigate, or reprimand Warden Donate, the Defendant Lackawanna and its Officers permitted Donate to retire from his/ or her post.

105. After Donate retired, Defendant Lackawanna and County Officials hired and/ or hired appointed members to a search committee, who ultimately retained and/ or hired as Wardens, Defendant Mooney, the previous Superintendent of SCI Dallas, Defendant McMillan, and the previous Deputy Superintendent of SCI Coal Township. Two appointed members of the selection committee were Nancy Giroux of SCI Muncy and Joseph Piazza, the Warden of Luzerne County Correctional Facility and the retired Superintendent of SCI Coal Township.

106. Defendant Mooney was Superintendent of SCI Dallas, where according to the 2007-2008 Report on Human Rights, is a systemic patter of violations of the Constitutional Rights of inmates, not limited to, violations of Due Process, physical abuse, inhumane conditions, and sexual assaults. Specifically, it was once reported via a complaint of inmate Daniel Dunning that prison guards were routinely threatening inmates with sexual assault and other outrageous, extraordinary, and reprehensible conduct.

107. Defendant McMillan was Deputy Superintendent of SCI Coal Township, which has a history of inmate abuse and violations of their Constitutional Rights. Specifically, according to the Human Rights Coalition, inmate Andre Williams was routinely abused and humiliated by prison guards through deprivation of *inter alia,* clothing, showers, and basic hygiene while being subjected to retaliation for his role as a proponent of Constitutional Rights for inmates.

108. Selection Committee Member Piazza was Superintendent of SCI Coal Township where the same aforementioned systemic pattern of inmate abuse existed.

109. Piazza was also a Warden of Luzerne County Correctional Facility, which has a systemic history of inmate abuse. In one specific incident, C/O Citto Cordoni repeatedly beat an inmate while strapped and cuffed to a chair while he forced another inmate to lie prone and naked in toilet water and gave preferential treatment to inmates allegedly associated with the mafia.

110. Selection Committee Member Giroux was the Superintendent of SCI Muncy, which has a systemic history of inmate abuse, sexual misconduct, and medical neglect. In one specific incident, Janette Weasley was beaten and raped by her cell-mate. Rather than investigate the incident, prison guards warned other inmates, who had witnessed the incident, not to bother them again or they would retaliate and write them up.

111. SCI Muncy has also been subject t complaints arising out of unmonitored, one-on-one confrontations between male prison guards and female inmates, where inmates were sexually harassed and forced to expose their naked bodies and genitals while showering and using the toilet.

112. As of October 2012, Lackawanna County was not in compliance with State and Federal Law, regulations, mandates, and/ or recommendations regarding prison staff, specifically the Federal Prison Rape Elimination Act.

113. In addition to the aforementioned incidents involving Lackawanna County Prison and other facilities associated with Lackawanna County, by and through the Selection Committee members and prospective Wardens, there is currently, pending litigation against the Defendants along with other agents and individuals for almost identical incidents of sexual harassment, rape, sexual assault, and *inter alia* perpetrated against Plaintiff Shawna Mecca by Defendant Black.

114.  It was specific policy and custom for male officers at Lackawanna County prison to be assigned to all female units and to be permitted to request assignments to such units.  The grant of such requests made by Defendant resulted in the injuries to Plaintiff.

115. At all times relevant hereto, all of the Defendants herein conspired and engaged in a joint venture to violate Ms. Pleasants' Constitutional Tights by virtue of individual acts, presence, support, supervision and authority.

116. As a proximate result of the said acts and/ or omissions of all the Defendants, Ms. Pleasants suffered injuries and damages, all of which may be permanent, but are not limited to physical, emotional pain and suffering. Ms. Pleasants suffered a loss of future enjoyment and life experience as well as physical and psychological treatment, expense, loss of potential future employment, and detriment to her Constitutional Rights under the 4th, 8th, and 14th Amendment.

## IV. CLAIMS FOR RELIEF

## COUNT 1

## MUNICIPAL LIABILITY AND VIOLATIONS CAUSED BY POLICY AS TO DEFENDANTS LACKAWANNA COUNTY, O'BRIEN, WANSACZ, O'MALLEY, MCMILLAN, DONATE AND MOONEY

### The 4th, 8th, and 14th Amendments under 42 U.S.C. §§ 1983, 1985, 1986, and 1988

117. Plaintiff incorporates by reference paragraphs 1-116 of this complain as fully and specifically set forth therein.

118. The Defendant Lackawanna, O'Brien, Wansacz, O'Malley, McMillan, Donate, and Mooney, herein after referred to as the Defendant Policy Makers, developed implemented, approved and/ or maintained a number of deficient customs, policies, and practices with deliberate indifference, which proximately caused for the deprivation of the Plaintiff's Constitutional Rights.

119. The Defendant Policy Makers' unconstitutional customs, policies, and practices encouraged its employees, Officers, and agents to believe that they could violate the Constitutional Rights of inmates and the Plaintiff with impunity, without consequence, and with explicit or tacit approval.

120. The Defendant Policy Makers acted and/ or failed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement of unmonitored, one-on-one confrontations between male Corrections Officers and female inmates, which in and of itself creates a foreseeable and moral certainty of inherently dangerous conditions, specifically, sexual harassment, physical assaults, sexual assaults, and rape.

27

121. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement of unmonitored, one-on-one confrontations between male Corrections Officers and female inmates participating in sexual misconduct, despite a systemic problem at Lackawanna County Prison, specifically, sexual harassment, physical assaults, sexual assaults, and rape by Corrections Officers, other municipal employees, and agents upon female inmates.

122. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement of intimidation and retaliation by Corrections Officers against inmates who file formal complaints and/ or seek redress for the harm caused by the misconduct of Corrections Officers.

123. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement of unmonitored, unsupervised, and unreported assignments and job duties to female inmates at the discretion of Corrections Officers.

124. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement of implementing, enforcing, and supervising "lock down".

125. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a

custom, policy, practice, ordinance, regulation, and/ or statement of permitting male officers at Lackawanna County prison to be assigned to all female units and to be permitted to request assignments to such units.

126. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement in compliance with both State and Federal prison laws, regulations and/ or recommendations, not limited to, the Federal Prison Rape Prevention Act.

127. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement with regard to proper investigation, training, auditing, screening, disciplining, and supervising Corrections Officers and other agents and employees with respect to polices on sexual harassment, sexual assaults, rape, unmonitored, one-on-one encounters, assignment of job duties to inmates, as well as State and Federal Prison Regulations.

128. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a custom, policy, practice, ordinance, regulation, and/ or statement with respect to proper screening, auditing, and investigation of applicants for potential Corrections Officers, supervisors, Wardens, and members of the Selection Committee, who were further charged with screening potential Wardens.

129. The Defendant Policy Makers acted and/ or ailed to act and/ or prevent with deliberate indifference and callus disregard through application and implementation of a

custom, policy, practice, ordinance, regulation, and/ or statement with respect to providing Constitutional adequate and procedural Due Process as well as hearings regarding the imposition of punishment in the form of segregation, deprivation of privileges, isolation, and confinement to "the hole".

130. The separate and/ or conspired, willful, callous, reckless, grossly negligent, and deliberately indifferent acts and/ or omissions of the Defendant Policy Makers under the Color of State Law, and herein described, proximately caused and/ or facilitated the violations of the Plaintiff's Constitutional Rights protected under 42 U.S.C. § § 1983, 1985, and 1986. The Defendant Policy Makers also violated the Plaintiff's Constitutional Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, and privacy, which are all protected under the 4th and 14th Amendments. Lastly, the Defendant Policy Makers violated the Plaintiff's Right to be Free of Cruel and Unusual Punishment protected under the 8th Amendment.

131. As a direct and proximate cause of the aforementioned acts and omissions of the Defendant Policy Makers, Ms. Pleasants suffered the injuries and damages set forth herein.

**WHEREFORE,** the Plaintiff demands judgment under 42 U.S.C. § § 1983, 1985, 1986, and 1988 against the Defendants for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, declaratory relief mandating compliance and/ or independent review with respect to State and Federal Prison regulations, the Federal Prison Rape Prevention Act, and any such other relief as this Honorable Court may deem just.

<u>COUNT 2</u>

<u>INDIVIDUAL VIOLATIONS AS TO DEFENDANT BLACK</u>

<u>The 4th, 8th, and 14th Amendments under **42 U.S.C. § § 1983, 1985, 1986, and 1988**</u>

132. Plaintiff incorporates by reference paragraphs 1-131 of this complain as fully and specifically set forth therein.

133. Defendant Black's individual acts of isolating the Plaintiff in unmonitored, one-on-one confrontations and assigning the Plaintiff to job duties, threatening retaliation in the form of sexual harassment, physical assault, sexual assault and rape of the Plaintiff while on duty, in uniform, and under the Color of State Law constitutes a violation of 42 U.S.C. § § 1983, 1985, and the Plaintiff's Right to Due Process, wherein it is outlined that the Plaintiff has the right to be house in a humane facility, freedom from rape and sexual harassment, bodily integrity, and privacy, which are all protected under the 4th, 8th, and 14th Amendments.

134. As a direct and proximate cause of the aforementioned acts and omissions by Defendant Black, Ms. Pleasants suffered injuries and damages set forth herein.

**WHEREFORE**, the Plaintiff demands judgment under 42 U.S.C. § § 1983, 1985, 1986, and 1988 against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, declaratory relief mandating compliance and/ or independent review with respect to State and Federal Prison regulations, the Federal Prison Rape Prevention Act, and any such other relief as this Honorable Court may deem just.

## COUNT 3

### CONSPIRACY, FAILURE TO INTERVIENE, AND/ R SUPERVISE AS TO DEFENDANTS MCMILLIAN, MOONEY, BLACK, NEVEROSKI, CASEY, MURRAY, COAR, BONDY, WOLFF, DONATE, PELUCACCI, FEIDERER, FANNING, CALPIN, AND JOHN AND JANE DOES 1-X IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES

### The 4th, 8th, and 14th Amendments under 42 U.S.C. § § 1983, 1985, 1986, and 1988

135. Plaintiff incorporates by reference paragraphs 1-134 of this complain as fully and specifically set forth therein.

136. The Defendants McMillan, Black, Neveroski, Casey, Murray, Coar, Bondy, Wolff, Calpin, Donatee, Pelucacci Fiederer, and Fanning, and John and Jane Does 1-X, herein after referred to as the Defendant Individuals, directly, indirectly, and/ or knowingly conspired, aided, abetted, further, facilitated, and/ or agreed to violate the Plaintiff's Constitutional Rights by individual acts and/ or omissions, that they had a duty to intervene and/ or supervise, and that they knew or should have known about the violations of the Plaintiff's Constitutional Rights.

137. The individual and/ or conspired acts and/ or omissions of the Defendant Individuals under the Color of State Law of failing in their duty to supervise, prevent, intervene, and/ or by ignoring with deliberate indifference the aforementioned conduct of Defendant Black constitutes, caused, and facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

138. The individual and/ or conspired acts and/ or omissions of the Defendant Individuals under the Color of State Law of failing in their duty to supervise, prevent, intervene, and/ or by ignoring with deliberate indifference acts of intimidation against the Plaintiff and other inmates constitutes, caused, and facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

139. The individual and/ or conspired acts and/ or omissions of the Defendant Individuals under the Color of State Law of failing in their duty to supervise, prevent, intervene, and/ or by ignoring with deliberate indifference unmonitored confrontations constitutes, caused, and facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

140. The individual and/ or conspired acts and/ or omissions of the Defendant Individuals under the Color of State Law of failing in their duty to supervise, prevent, intervene, and/ or by ignoring with deliberate indifference a code of silence among the Corrections Officers constitutes, caused, and facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

141. The individual and/ or conspired acts and/ or omissions of the Defendant Individuals under the Color of State Law, and as herein described, proximately caused and/ or facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

142. As a direct and proximate cause of the aforementioned acts and omissions by the Defendant Individuals, Ms. Pleasants suffered injuries and damages set forth herein.

**WHEREFORE,** the Plaintiff demands judgment under 42 U.S.C. § § 1983, 1985, 1986, and 1988 against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, declaratory relief mandating compliance and/ or independent review with respect to State and Federal Prison regulations, the Federal Prison Rape Prevention Act, and any such other relief as this Honorable Court may deem just.

<u>COUNT 4</u>

**<u>FAILURE TO SUPERVISE AS TO DEFENDANTS O'BRIEN, WANSACZ, AND O'MALLEY</u>**

**<u>The 4th, 8th, and 14th Amendments under 42 U.S.C. § § 1983, 1985, 1986, and 1988</u>**

143. Plaintiff incorporates by reference paragraphs 1-142 of this complain as fully and specifically set forth therein.

144. Defendants, O'Brien, Wansacz, and O'Malley, herein after referred to as the Defendant Supervisors, are supervisory policy and decision makers for Lackawanna County Prison.

34

145. The Defendant Supervisors knew or should have known of the specific misconduct of the aforementioned individual Defendants and the exercise of aforementioned misconduct, customs, policies, and practices that creates inherent danger to female inmates and violations of their Constitutional Rights.

146. The Defendant Supervisors have failed to implement their duty to supervise the aforementioned individual Defendants, other employees, agents, and entities, or take any meaningful corrective action, and did so intentionally, deliberately, knowingly, willfully, recklessly, callously, and/ or with gross negligence and/ or deliberate indifference.

147. The Defendant Supervisors had an affirmative duty to implement meaningful corrective action in the form of training auditing, monitoring, screening, disciplining, and/ or implementing lawful and corrective policy, practice, custom or statement, and intentionally, deliberately, knowingly, willfully, recklessly, callously, and/ or with gross negligence and/ or deliberate indifference

148. The separate and/ or conspired acts and/ or omissions of the Defendant Supervisors under the Color of State Law of failing in their duty to supervise, prevent, intervene, and/ or by ignoring with deliberate indifference acts of intimidation against the Plaintiff and other inmates constitutes, caused, and facilitated the violation of 42 U.S.C. § § 1983, 1985, 1986 and the Plaintiff's Rights to Due Process, housing in a humane facility, freedom from rape and sexual harassment, bodily integrity, privacy, and the freedom from cruel and unusual punishment, which are all protected under the 4th, 8th, and 14th Amendments.

149. As a direct and proximate cause of the aforementioned acts and omissions by the Defendant Supervisors, Ms. Pleasants suffered injuries and damages set forth herein.

**WHEREFORE,** the Plaintiff demands judgment under 42 U.S.C. § § 1983, 1985, 1986, and 1988 against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, declaratory relief mandating compliance and/ or independent review with respect to State and Federal Prison regulations, the Federal Prison Rape Prevention Act, and any such other relief as this Honorable Court may deem just.

<u>COUNT 5</u>

<u>SUPPLEMENTAL STATE LAW CLAIM FOR BATTERY AGAINST
DEFENDANT BLACK AS AN INDIVIDUAL</u>

150. Plaintiff incorporates by reference paragraphs 1-149 of this complain as fully and specifically set forth therein.

151. Defendant Black committed battery in violation of the laws of Pennsylvania by his specific aforementioned actions and conduct in the form of physically groping, touching, and penetrating the Plaintiff's body and vagina without consent, all of which constitute malicious, willful, intention, harmful, and offensive contact that caused severe physical and mental injury as described in this complaint.

152. As a direct and proximate cause, the Plaintiff suffered injuries herein described in this complaint.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## COUNT 6

### SUPPLEMENTAL STATE LAW CLAIM FOR ASSAULT AGAINST DEFENDANT BLACK AS AN INDIVIDUAL

153. Plaintiff incorporates by reference paragraphs 1-152 of this complain as fully and specifically set forth therein.

154. Defendant Black committed assault in violation of the laws of Pennsylvania by his specific aforementioned actions and conduct in the form of sexually harassing the Plaintiff, threatening retaliation, repeatedly engaging the Plaintiff in one-on-one unmonitored confrontations, cornering the Plaintiff in isolated areas, and by assigning the Plaintiff job duties, all of which were done to cause the Plaintiff apprehension of malicious, intentional, willful, and harmful offensive contact.

155. As a direct and proximate cause, the Plaintiff suffered injuries herein described in this complaint.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## COUNT 7

### SUPPLEMENTAL STATE LAW CLAIM FOR FALSE IMPRISONMENT AGAINST DEFENDANT BLACK AS AN INDIVIDUAL

156. Plaintiff incorporates by reference paragraphs 1-155 of this complain as fully and specifically set forth therein.

157. By the acts and conduct incorporated herein, Defendant Black committed false imprisonment in violation of the laws of Pennsylvania by maliciously and willfully detaining and restraining the Plaintiff's body from movement in all directions without the Plaintiff's consent or under authority of law.

158. Moreover, Defendant Black removed and isolated the Plaintiff in one-on-one unmonitored confrontations in secreted and confined areas where she could not escape in order to sexually assault and rape her.

159. As a direct and proximate cause, the Plaintiff suffered injuries herein described in this complaint.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## COUNT 8

## SUPPLEMENTAL STATE LAW CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANT BLACK AS AN INDIVIDUAL

160.  Plaintiff incorporates by reference paragraphs 1-159 of this complain as fully and specifically set forth therein.

161. The aforementioned acts and conduct of Defendant Black constitute extreme and outrageous conduct that are beyond the bounds of conduct tolerated by civilized society such that they violate basic concepts of human decency and shock the conscience

of society, which caused sever emotional distress that has manifested in both mental and physical injuries that may be permanent.

162. As a direct and proximate cause, the Plaintiff suffered injuries herein described in this complaint.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## COUNT 9

## SUPPLEMENTAL STATE LAW CLAIM FOR CIVIL CONSPIRACY AGAINST ALL INDIVIDUALLY NAMED DEFENDANTS

163. Plaintiff incorporates by reference paragraphs 1-162 of this complain as fully and specifically set forth therein.

164. The Individual Defendants knowingly, maliciously, recklessly, and with gross negligence conspired to engage in the aforementioned Tort Claims and stated facts, whereby each Defendant acted in concert by agreement to cause the foreseeable farm and/ or facility the harm and objective through individual and separate acts and/ or omissions.

165. As a direct and proximate cause, the Plaintiff suffered injuries herein described in this complaint.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in

an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## V. <u>DAMAGES</u>

166. Plaintiff incorporates by reference paragraphs 1-165 of this complain as fully and specifically set forth therein.

167. As the proximate result of the acts committed by the defendants under the Color of State Law in violation of the United States Constitution and violations of Pennsylvania State Law, the Plaintiff suffered damages, not limited to, substantial pain, mental anguish night terrors, an inordinate fear of authority figures, isolated spaces, shame, humiliation, as well as physical and psychological injury. The Plaintiff also suffered loss of future life experience, enjoyment, economic loss, and deprivation of the Plaintiff's Civil Rights.

168. On all claims for relief under **42 U.S.C.** § § 1983, 1985, 1986, and 1988, the Plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, declaratory relief mandating compliance and/ or independent review with respect to State and Federal Prison regulations, the Federal Prison Rape Prevention Act, and any such other relief as this Honorable Court may deem just.

169. On all claims for relief under Pennsylvania Law, the Plaintiff demands judgment against the Defendant for compensatory damages in an amount in excess of $150,000.00 and punitive damages in an amount in excess of $150,000.00, plus interest, costs, attorney fees, and any such other relief as this Honorable Court may deem just.

## VI. <u>JURY DEMAND</u>

170. Plaintiff incorporates by reference paragraphs 1-169 of this complain as fully and specifically set forth therein.

171. On all counts, facts, and claims herein asserted, the Plaintiff demands a trial by jury.

Respectfully Submitted:

*Walker Comerford Law, LLC*

*/s/ Matthew T. Comerford*

Matthew T. Comerford, Esq.

*/s/ Paul J. Walker*

Paul J. Walker, Esq.
Attorneys for Plaintiff
205-207 N. Washington Avenue
Scranton, PA 18503
Phone: 570-344-2355
Fax: 570-344-1061